UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHPAL SINGH GILL, et al., | No. 2:13-cv-00356-MCE-KJN |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | |
| Defendant. | |

Plaintiffs Rashpal Singh Gill and Dalwinder Kaur doing business as Livingston Grocery ("Plaintiffs") filed this action against Defendant United States Department of Agriculture ("Defendant") to obtain agency records related to Defendant's investigation which resulted in Plaintiffs' permanent ban from participating in the Supplemental Nutrition Assistance Program ("SNAP"). (ECF No 1.) Presently before the Court is Plaintiffs Motion to Strike portions of Defendant's Answer. (ECF No 11.)[1] For the reasons described below, the Court DENIES Plaintiffs' Motion to Strike. (Id.)

///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

# BACKGROUND[2]

On June 28, 2012, Defendant revoked Plaintiffs' right to participate in the SNAP after concluding Plaintiffs were "trafficking" benefits. (ECF No. 1-1.) In a letter dated September 13, 2012, Plaintiffs requested Defendant review its revocation decision and provide Plaintiffs with various documents. (ECF No. 1-2.) Defendant interpreted the request for documents as Freedom of Information ("FOIA") request. On October 4, 2012, Defendant responded to Plaintiffs' FOIA request and mailed Plaintiffs its 173-page case file. (ECF No. 1-3.) Defendant's cover letter explained that it withheld and redacted some documents because FOIA exemptions applied. On October 19, 2012, Plaintiffs appealed Defendant's FOIA decision. (ECF No. 1.) On October 22, 2012, Defendant acknowledged receipt of Plaintiffs' appeal. (Id.) Plaintiffs followed up with Defendant several times between November 2012 and January 2013 to obtain the requested documents and to inquire about the status of its appeal. (Id.) On January 30, 2013, Defendant responded to Plaintiffs' appeal releasing a few more documents while reiterating that the remaining documents fell under various FOIA exemptions. (ECF No. 1-4.) Consequently, on February 22, 2013, Plaintiffs filed this action under FOIA, 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, seeking the expedited processing and release of agency records requested by Plaintiffs from Defendant. Defendant answered the Complaint on May 28, 2013. (ECF No. 10.) Shortly afterwards, Plaintiffs filed this Motion to Strike portions of Defendant's Answer. (ECF No. 11.) Defendant filed an Opposition to this Motion and withdrew five of its seven affirmative defenses. (ECF No. 12.)

///
///
///

---

[2] The facts are taken sometimes verbatim from Plaintiffs' Complaint (ECF No. 1) and the attached Exhibits. (ECF Nos. 1-1 through 1-4.)

Thus, only two affirmative defenses remain: (1) Defendant's Second Affirmative Defense which states "as to FOIA exemptions 3 and 6, Plaintiffs failed to exhaust their administrative FOIA appeal remedy, waived suit, and cannot properly invoke this court's subject matter jurisdiction;" and (2) Defendant's Seventh Affirmative Defense which states "on the merits, FOIA Exemptions 3, 5, 6, 7C, and 7E support the agency's withholding."

**STANDARD**

The Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Federal Courts view motions under Rule 12(f) with disfavor and infrequently grant them. 5C Charles Alan Wright et al., Federal Practice and Procedure § 1380 (3d ed. 1998). The Court views the pleading under attack "in the light more favorable to the pleader." Garcia ex rel. Marin v. Clovis Unified Sch. Dist., no. 1:08-CV-1924 AWI SMS, 2009 WL 2982900, at *23 (E.D. Cal. Sept. 14, 2009).

In order for a court to determine that a defense is "insufficient" as Rule 12(f) requires, the Court "must be convinced that there are no questions of fact that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed."

///
///
///
///
///

J & J Sports Productions, Inc. v. Delgado, No. CIV. 2:10-2517 WBS KJN, 2011 WL 219594, at *1-2 (E.D. Cal. Jan. 19, 2011) (quoting Schmidt v. Pentair, Inc., No. C08-4589 TEH, 2010 WL 4607412, at *2 (N.D. Cal. Nov. 4, 2010)); see also Bassett v. Ruggles et al., No. CV-F-09-528 OWW/SMS, 2009 WL 2982895, at *24 (E.D. Cal. Sept. 14, 2009); Lopez v. Wachovia Mortg., No. 2:09-CV-01510-JAM-DAD, 2009 WL 4505919, at *5 (E.D. Cal. Nov. 20, 2009). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds 510 U.S. 517 (1994) (internal citations and quotations omitted). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (internal citations and quotations omitted). Redundant matter includes "needless repetition of other averments or [allegations that] are foreign to the issue." Sliger v. Prospect Mortg., LLC, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011).

Courts have cautioned that if "the [C]ourt is in doubt as to whether challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." Id. (citing Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010)).

## ANALYSIS

### A.   Defendant's Second Affirmative Defense

In Defendant's Second Affirmative Defense, Defendant argues that Plaintiffs failed to exhaust administrative remedies. Plaintiffs argue that Defendant's Second Affirmative Defense should be struck because Defendant has not explained how this defense applies to this case; and, in particular, Plaintiffs argue that Defendant's Answer fails to explain why FOIA Exemptions three and six (5 U.S.C. §§ 522(b)(3), (b)(6)) are relevant. (ECF No. 11-1.)

Further, Plaintiffs argue that they have not waived suit, and Defendant has not explained why they believe Plaintiffs waived suit.  On the other hand, Defendant argues that Plaintiffs failed to exhaust available FOIA administrative remedies.  (ECF No. 12.)

Plaintiffs could find the answer to its confusion in the exhibits it attached to its Complaint.  (ECF No. 1-4.)  In Defendant's letter dated January 30, 2013, Defendant explains that it withheld information under 5 U.S.C. 552(b)(3), (b)(6), and (b)(7)(E) of FOIA, and that Plaintiffs only appealed its application of the "law enforcement investigation exemption" which is commonly known as FOIA Exemption 7E.  (ECF 1-4.)  Thus, Defendant takes the position that Plaintiffs did not file an administrative appeal of Defendant's application of Exemption three and six (5 U.S.C. 552(b)(3), (b)(6)).  Whether Plaintiffs had notice or whether Plaintiffs exhausted their administrative remedies is not an appropriate answer to reach on a Rule 12(f) Motion especially given federal courts' disfavor of such motions.  Meas v. CVS Pharmacy, Inc., No. 11–CV–0823 JM (JMA), 2011 WL 2837432, at *4 (S.D. Cal. July 14, 2011) (quoting 5C Wright & Miller § 1380 (3d ed. 2004)).  This issue should be resolved at a later, more substantive proceeding.  Plaintiffs' Motion to Strike Defendant's Second Affirmative Defense is DENIED.

**B.     Defendant's Seventh Affirmative Defense**

Defendant's Seventh Affirmative Defense is a single sentence.  In its Answer, Defendant states "on the merits, FOIA Exemptions 3, 5, 6, 7C and 7E support the agency's withholding decision."  (ECF No. 10.)  Plaintiffs argue that this defense does not rise to the level of a cognizable affirmative defense because Defendant does not explain what is meant by FOIA exemptions 3, 5, 6, 7C, and 7E, nor does Defendant allege any facts explaining why any of these exemptions apply.  (ECF No. 11-1.)  Defendant argues that in its October 2012 letter to Plaintiff (ECF No.1-3), it listed the various FOIA Exemptions that justified Defendant's decision to withhold or redact documents.  (ECF No. 12.)

Defendant's explanation represents the bare minimum; however, references to the FOIA Exemptions appear throughout the correspondence between Defendant and Plaintiff.  (See ECF Nos. 1-1, 1-3, and 1-4).  Whether a FOIA Exemption applies is the crux of this case.  Thus, a reference to a FOIA Exemption cannot be redundant, immaterial, impertinent, or scandalous, and it would be wildly inappropriate to strike the central issue of this case on a Rule 12(f) Motion.  As the Ninth Circuit wrote in 2008, "[g]enerally, FOIA cases should be handled on motions for summary judgment." Lane v. Dep't of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008) (quoting Nolan v. Dep't of Justice, 973 F.2d 843, 849 (10th Cir.1992)). Plaintiffs' Motion to Strike Defendant's Seventh Affirmative Defense is DENIED

.

**CONCLUSION**

For the reasons described above, Plaintiffs' Motion to Strike (ECF No. 11) is DENIED.

IT IS SO ORDERED.

Dated:  July 29, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT